UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY MARK NASH, | ) CASE NO. 1:05 CV 1578 |
| Plaintiff, | ) JUDGE JOHN M. MANOS |
| v. | ) |
| | ) <u>MEMORANDUM OF OPINION</u> |
| CITY OF CLEVELAND, et al., | ) |
| Defendants. | ) |

On June 9, 2005, plaintiff <u>pro se</u> Timothy Mark Nash, an inmate at the Lorain Correctional Institution, filed the above-captioned action under 42 U.S.C. § 1983 against the City of Cleveland and Cuyahoga County. The complaint alleges that plaintiff was arrested, without probable cause, for cocaine possession by Cleveland police officers. It is further alleged that he was not tried on charges related to the arrest in a timely manner, and that he was eventually acquitted. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer, as soon as possible after docketing, if

the court concludes that the complaint fails to state a claim upon which
relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A.

It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Governmental entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Issued: August 4, 2005          s/John M. Manos
                              UNITED STATES DISTRICT JUDGE